No. 359.—W. S. EDWARDS v. THE PARISH OF BOSSIER.

24 457
48 333

Parish warrants which have been issued by the police jury without the authority of law impose no legal obligation or debt upon the parish.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *J. R. Griffin* and *J. A. Snider*, for plaintiff and appellee. *Richard W. Turner*, for defendant.

TALIAFERRO, J. The plaintiff sues to recover $2253 10, with interest thereon, being the aggregate sum of eighteen warrants or obligations issued by the police jury of the parish through the president of that body, and made payable to the petitioner or bearer. The answer is a general denial of the liability of the parish on the instruments sued on, and a special averment is made that the parish of Bossier is without power or authority to issue and put into circulation the instruments upon which the action is founded, and thereby bind the parish for

their payment. The defense further is, that if the parish of Bossier were ever legally obligated to pay the warrants held by the plaintiff, it would now, since the formation of the parish of Webster, be bound only for one-half of the amount sued for. The defendant pleads the prescription of five years in bar of the action. There was judgment against the parish for $2205 35, with interest, and a decree for the assessment and collection of a parish tax sufficient in amount to pay and discharge the debt and all costs. The defendant has appealed.

It is not shown that the police jury of Bossier parish, by any special act of the Legislature, was empowered to issue these negotiable instruments; nor is it shown that the police jury, by ordinance passed at the time it authorized the issuing of them, provided in the manner required by law for their payment. These pretended obligations are therefore void and without effect. No money can be had upon them. Acts of 1853, p. 234; 23 An. 190, 232, 251.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of defendant, the plaintiff and appellee paying costs in both courts.